UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RALPH ZIPPER, M.D., P.A. d/b/a
ZIPPER UROGYNECOLOGY
ASSOCIATES,

        Plaintiff,

v.                                            Case No. 6:16-cv-712-Orl-37DAB

KLINE & SPECTER, P.C.,

        Defendant.

## ORDER

This cause is before the Court on the following matters:

(1)    Kline & Specter, P.C.'s Motion to Dismiss Plaintiff's Claims for Unjust Enrichment and Quantum Meruit (Doc. 10), filed May 17, 2016; and

(2)    Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Claims for Unjust Enrichment and Quantum Meruit (Doc. 15), filed May 31, 2016.

## BACKGROUND

On April 27, 2016, Plaintiff Ralph Zipper, M.D., P.A. ("**Plaintiff**") initiated this action against Defendant Kline & Specter, P.C. ("**Defendant**"). (Doc. 1.) The parties are diverse and more than $75,000.00 is at issue; thus, this Court has subject matter jurisdiction over Plaintiff's claims for: (1) Breach of Oral Contract (*id.* ¶¶ 57–61 ("**Count I**")); (2) Unjust Enrichment (*id.* ¶¶ 62–67 ("**Count II**")); (3) Quantum Meruit (*id.* ¶¶ 68–72 ("**Count III**")); and (4) Breach of Implied-in-Fact Contract (*id.* ¶¶ 73–76 ("**Count IV**")). *See* 28 U.S.C. § 1332(a)(1). Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Pennsylvania law, Defendant moved to dismiss Counts II and III (*see*

Doc. 10 ("**Rule 12 Motion**")), Plaintiff responded (Doc. 15), and the matter is ripe.

## PLEADING STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## DISCUSSION

According to Defendant, quasi-contract claims like Counts II and III are cognizable under Pennsylvania law only when no express or implied contract exists between the litigants. (*See* Doc. 10, pp. 6–7 (citing *MetroClub Condo. Ass'n v. 201-59 N. Eighth St. Assocs., L.P.*, 47 A.3d 137, 148 (Pa. Super. Ct 2012)). Noting that the Complaint is premised on and asserts contractual claims in Counts I & IV, Defendant argues that the Court should dismiss Plaintiff's quasi-contract claims. (*Id.*) As explained below, the Court finds that these arguments are due to be rejected at the pleading stage.

In diversity actions like this one, the Court applies the law of Florida to resolve choice-of-law issues; however, courts do not address choice-of-law issues absent an actual difference in state law. *See Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1270–71 (11th Cir. 2014). Where such a difference exists concerning contract law, Florida applies the "fact-intensive" *lex loci contractus* analysis. *See Am.*

2

*United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007); *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006).[1]

Here, the Court is not persuaded that a choice-of-law analysis is required because Defendant has not shown that Florida and Pennsylvania law differ with respect to the availability of quasi-contract remedies. Under Florida law, if Plaintiff ultimately prevails on Counts I or IV, then Counts II and III will fail as a matter of law. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273-74 (11th Cir. 2009); *e.g. Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1288 (M.D. Fla. 2009). Pending such a determination on the merits of Plaintiff's contract claims, Plaintiff "may state as many separate claims" as it may have—"regardless of inconsistency." *See* Fed. R. Civ. P. 8(3)(d). Even if a choice-of-law analysis were required, the factual allegations of the Complaint do not permit a finding at the pleading stage that the parties' disputes should be resolved in accordance with Pennsylvania law. Accordingly, the Rule 12 Motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Kline & Specter, P.C.'s Motion to Dismiss Plaintiff's Claims for Unjust Enrichment and Quantum Meruit (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 5, 2016.

---

[1] *See also State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1218–19 (11th Cir. 2011) (describing public policy exception); *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1092–93 (11th Cir. 2004) (enforcing choice of law provision).



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record